Judge Cabell,
delivered the opinion of the Court.*
*444 Tlic Chancellor seems, from his written opinion in the recor(j} to have thought this case distinguishable from the case of a doubtful title. But,, we see no ground for such atl °P¡ni°n- The contract between the parties is not to he considered less a compromise, because it terminated in an agreement, that one party should convey the land with warranty, in consideration of money to be paid by the other; for, that frequently occurs in compromises of contests about the title to lands. Moore and M’ Clung claimed the land by patent, bearing date in 1795, and Fitswater claimed it by patent, dated in 1800. He had sold a part thereof, as his own, for valuable consideration; and was in actual adverse possession of the residue, at the time of the contract. Although it is alledged by Fitzwater, that he was induced to enter into the contract by fraudulent misrepresentations on the part of Moore and M’ Clung, and by an ignorance of his own rights, yet, the allegation as to the fraud is denied by the answer, and unsupported by testimony; and it is apparent, that every important fact, necessary to the formation of a correct opinion as to the title,'was known to both parties, at the time of entering into the contract; and Fitzwater, with this full knowledge, agreed to purchase the land from Moore and M} Clung, at a price far less than its value. He subsequently expressed to several persons, his satisfaction at the bargain he had made; and, about two years afterwards, he paid to Moore three-fourths of the purchase money, without objection. Whether the title, at the time of the contract, really was in the appellants or the appellee, we do not deem it material to enquire. It is sufficient that the parties themselves have settled the question; and as there was no fraud, or undue advantage, we would not now disturb it, even if assured that Moore and M’Clung had no title. In the case of Penn v. Lord Baltimore, 1 Vesey, 444, Lord Hardwicke said: “ The settlement of boundaries, and peace and quiet, is a mutual consideration on each side, and in all cases, make a good consideration to sup *445 port a suit in this Court, for settling boundaries.” In Cann v. Cann, 1 P. Wms. 727, Lord Macclesfield said: “Where two parties are contending before this Court, and one releases his pretensions to the other, there can be no color to set aside this compromise, because the man that made it had a right; for, by the same reason, there can be no such thing as compromising a suit, nor room for any accommodation; every release supposes the party making it to have a right, but this can be no reason for its being set aside; for, then every release might be avoided.” In Stapleton v. Stapleton, 1 Atk. p. 10, Lord Haudwicke said: “An agreement entered into, upon the supposition of a right, or of a doubtful right, though it after comes out that the right was on the other side, shall be binding, and the right shall not prevail against the agreement of the parties; for, the right must always be on one side or the other; and, therefore, the compromise of a doubtful right is a sufficient foundation for an agreement.” That the question of the right in this case was doubtful, the Chancellor himself- has declared; and we think with him, that it is also a difficult one.
The decree is to be reversed, and the cause remanded to the Court of Chancery, where the injunction is to bo dissolved, so soon as a deed for the land shall be made, pursuant to the contract between the appellants and the appellee.

 Judge Coalter, absent.